JESSE WOOD v. THE STATE.

No. 9298.    Delivered June 3, 1925.

1.—Transporting Intoxicating Liquor—Charge of Court—Exception to Whole—Not Considered.

Where on a trial for transporting intoxicating liquor, an exception to the court's charge as a whole, that it does not present the law applicable to the facts, without pointing out in what particular it is erroneous, and stating why the charge fails, as to how it is wrong, presents no matter for review.

2.—Same—Evidence—Cross-Examination—Held Proper.

Where an objection is made to the State on cross-examination of appellant, asking him the question "where did you get that whisky" on the ground that such question was not in rebuttal of anything that had been brought out on redirect examination, no error is presented. Under our practice we do not hold the parties strictly to the propositions of rebuttal, redirect, sur-rebuttal, etc., in the examination of witnesses.

ON REHEARING.

3.—Same—Remarks of Court—Held, Not Improper.

Where during the trial the court, in overruling an objection by appellant's counsel, remarked, "He has filed an application for a suspended sentence," such remark was not a statement, or an expression of any opinion of the Court, and was not improper.

Appeal from the District Court of San Patricio County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*H. S. Bonham,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of San Patricio County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There is a bill of exceptions substantially complaining that the court did not charge the law applicable to the facts of this case. The bill does not make any showing of reasons why the charge fails, or how it is wrong. No part of the charge is copied in the bill or referred to therein. Manifestly it presents no error. The only other bill of exceptions set forth appellant's objection to the State asking him while on the witness stand, "Where did you get that whiskey?" The ground of objection appearing is that this question was not in rebuttal of anything that had been brought out upon the re-direct examination. Under our practice we do not hold the parties strictly to the propositions of rebuttal, redirect, sur-rebuttal, etc., examinations. The object of every trial ought to be to arrive at the truth, and if the questions asked be material to issues arising in the case, this court would not reverse because they were asked in other than what might be considered their proper place in the trial. The facts seem sufficient to support the judgment. Appellant, his wife, another man and his wife were in a car proceeding along a public road. They had a quantity of whiskey in the car. Appellant was intoxicated. When they discovered the officers appellant and the others began to throw the jugs of whiskey out. Appellant told the officers where they had obtained the liquor.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In view of the fact that appellant pleaded guilty, and that the charge of the court followed the charges customary in such case, we fail to agree with appellant in his renewed contention that in his charge the learned trial judge did not apply the law to the facts.

The remark of the court in overruling an objection to a question by appellant's counsel, which remark was that "He has filed an application for a suspended sentence", was not a statement by the court which expressed any opinion of any issue in the case, and we do not see how same could be susceptible of any injury.

The motion for rehearing will be overruled.

*Overruled*